IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY TERRELL LEWIS, Plaintiff, | : PRISONER CIVIL RIGHTS<br>: 28 U.S.C. § 1331 |
| v. | : |
| MR. GEE, ARP Coordinator et al., Defendants. | : CIVIL ACTION NO.<br>: 1:14-CV-1130-TWT-LTW |

## FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at the federal prison in Yazoo City, Mississippi. Plaintiff, pro se, seeks damages in this action for alleged deliberate indifference to his medical needs while he was confined at the federal prison in Atlanta, Georgia. (Doc. 1.) The Court granted Plaintiff leave to proceed *in forma pauperis* and now must screen his complaint under 28 U.S.C. § 1915A. (Doc. 3.)

Federal courts must screen prisoner complaints to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts may dismiss a complaint if the alleged facts do not state a claim for relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). Courts may also dismiss under § 1915A if it is apparent from the face of the complaint that the claims are barred by the statute of limitations. *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003).

To state a claim for relief against a federal official, a plaintiff must allege facts plausibly showing that the person, by act or omission under color of federal authority,

deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971). If a plaintiff cannot satisfy those requirements, or fails to provide factual allegations in support of his claim, the complaint may be dismissed. *See Richardson v. Johnson*, 598 F.3d 734, 737-38 (11th Cir. 2010); *see also Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("[A]s a general matter federal courts incorporate § 1983 law into *Bivens* actions.").

The following allegations are taken from Plaintiff's complaint and presumed true for purposes of the § 1915A screening.[1] *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2011). Plaintiff was confined at the federal prison in Atlanta (the "Atlanta Prison") until October 2011, when he was transferred to Mississippi. In 2009 or earlier, Plaintiff began suffering "extreme pain" in his abdomen. (Doc. 1 at 7.)

On November 13, 2009, Plaintiff submitted a written grievance to Atlanta Prison officials, in which he alleged that he was "being denied adequate medical attention" and that two Atlanta Prison doctors were "showing a deliberate indifference to [his] situation." (*Id.* at 9.) Plaintiff complained that he was not being considered for surgery because he was "in extreme pain" and "need[ed] some help." (*Id.*)

---

[1] Plaintiff attached exhibits to his complaint and referred to those exhibits throughout the complaint. (Doc. 1 at 3-24.) The exhibits are thus part of the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Plaintiff submitted a second written grievance on August 23, 2010. (*Id.* at 10.) Plaintiff stated in that grievance that he had "extreme pain in [his] abdominal area" and had "been suffering for over 19 months." (*Id.*) Plaintiff further stated: "I have been suffering daily and I've been to medical numerous of times about this hernia issue." (*Id.*) At that time, four doctors at the Atlanta Prison – all of whom Plaintiff named as Defendants in this action – had told Plaintiff "that there is nothing else that they could do for [him] because [his] situation was'nt life threatening." (*Id.*) Plaintiff requested "to be seen by a surgeon and or to consult with a gastroenterologist specialist in order to solve this problem." (*Id.*)

Plaintiff submitted his third and final written grievance at the Atlanta Prison on September 3, 2011, one month before he left that prison. (*Id.* at 2, 11.) Plaintiff complained that he had received no response to his prior grievances and "still [] can't receive any medical attention." (*Id.* at 11.) Plaintiff again referred to his medical problem as a hernia, said he was "still in extreme pain," and again "request[ed] to see a specialist or a surgeon." (*Id.*)

Plaintiff contends that Defendant Gee, the Administrative Remedy Coordinator at the Atlanta Prison, refused to do anything about his grievances. Plaintiff contends that the Defendant medical personnel at the Atlanta Prison failed to provide him proper care for his abdominal pain and to conduct proper tests for a hernia. By January 2012, shortly after Plaintiff was transferred to the prison in Mississippi, he "was receiving first rate medical service." (*Id.* at 4.) The medical staff in Mississippi

confirmed Plaintiff's suspicions of an abdominal hernia, and Plaintiff had surgery for the problem. Plaintiff seeks several million dollars in damages from each Defendant for their alleged deliberate indifference to his medical needs at the Atlanta Prison.

Plaintiff's complaint fails to state a viable claim because the claims are barred by the statute of limitations. *Bivens* claims based on events occurring in Georgia are subject to a two-year statute of limitations. *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996). A claim accrues, i.e., the statute of limitations begins to run, "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citations and quotation marks omitted). "The cause of action accrues even though the full extent of the injury is not then known or predictable." *Id.* at 391 (quotation marks omitted) ("Were it otherwise, the statute [of limitations] would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief.").

Filings by a prisoner proceeding pro se are deemed filed with the court on the date the prisoner gives the document to prison officials for mailing. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1325 (11th Cir. 2001). Plaintiff does not indicate when he gave his complaint to prison officials for mailing, but he avers that he executed it on April 10, 2014. (Doc. 1 at 8.) Because there is no evidence that Plaintiff gave his complaint to prison officials for mailing on a date other than the date he executed it, the complaint is deemed filed on that date. *See Washington v. United States*, 243 F.3d

1299, 1301 (11th Cir. 2001).  Any claims based on events occurring prior to April 10, 2012 are thus barred by the statute of limitations.

Based on Plaintiff's complaint, it is clear that he knew before April 10, 2012, that medical personnel at the Atlanta Prison were not providing him the care he believed he needed for the extreme abdominal pain he had been suffering.  As early as November 2009, Plaintiff thought (correctly) that he had a hernia.  By the time Plaintiff left the Atlanta Prison in October 2011, Plaintiff had submitted numerous requests for medical tests and consultation with a medical specialist or surgeon, and he knew that Defendants had not acted on those requests or done anything to resolve the pain he had suffered for over two years.

Plaintiff not only knew more than two years ago the facts underlying the deliberate indifference claim he asserts in his complaint, Plaintiff also knew the legal basis of the claim.  A letter Plaintiff wrote to one of the Defendant doctors at the Atlanta Prison on June 25, 2010, demonstrates that Plaintiff's claims accrued before he filed suit.  (Doc. 1 at 18.)  At the top of the letter, Plaintiff wrote "this is an declared emergenc[y]!!" (*Id.*)  The letter read:

> Please be advised that this is my last and final time begging for the help of the medical "staff" here at Atlanta. For over a year I have been denied the "correct treatment!
> I have been complaining about severe abdominal pain for over a year. You ordered blood work and the wrong type (x-rays) radiology report for my case. I was given an x-ray from the machine that determines <u>bone radiology</u>. This is clear medical mel-pratice [sic]!!
> I am in extreme pain in my abdominal. I need for you to order an MRI on my abdominal to check the inflammation of my intestines! Not

5

bone radiology! This should have been done last year instead of ordering all of the blood labwork. I need an "MRI" and consult with the gastroenterologist and/or surgeon to correct the problems in my intestines.

I have a family history of abdominal tumors and colon cancer surgeries; therefore I understand the situation. I need the right tests ordered, I have a huge knot in my abdominal, I am in pain and I am tired of the smoke screen and the deliberate indifference shown by the medical staff here in Atlanta.

(*Id.*)

Unfortunately, Plaintiff waited almost four years after sending that letter before filing his complaint in this action. As a result, Plaintiff's claims that Defendants were deliberately indifferent to his medical needs from 2009 through October 2011 are barred by the statute of limitations.

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**SO RECOMMENDED** this 23 day of April, 2014.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

6